UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GABRIEL GARCIA,<br><br>      Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>      Defendant. | Case No. CV 14-00092-AS<br><br>**MEMORANDUM OPINION** |

**PROCEEDINGS**

On January 8, 2014, Plaintiff filed a Complaint seeking review of the denial of his application for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act. (Docket Entry No. 3). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 9-10). On May 30, 2014, Defendant filed an Answer along with the

Administrative Record ("AR"). (Docket Entry Nos. 13-14). The parties filed a Joint Stipulation ("Joint Stip.") on October 21, 2014, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed January 10, 2014 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On February 16, 2010, Plaintiff, formerly employed as a route sales representative for a bottled water company, filed an application for Disability Insurance Benefits, alleging disability for a closed period from September 9, 2009 (the alleged onset of disability sustained from an injury to his lower back), to April 15, 2011, the date that Plaintiff returned to work. (AR 34, 40, 48). On March 13, 2012, the Administrative Law Judge ("ALJ"), Joel B. Martinez, conducted a hearing and heard testimony from Plaintiff and vocational expert ("VE") Rheta Baron-King. (AR 12-30). On April 23, 2012, the ALJ issued a decision denying Plaintiff's application. The ALJ determined that Plaintiff had the following severe impairments: lower back arthritis, left knee arthritis, and adjustment disorder with depressed mood and anxiety. (AR 18). However, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On May 9, 2012, Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 7). The request was denied on November 4, 2013. (AR 1-6). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in discounting the credibility of Plaintiff's subjective complaints in support of his disability claim.

**DISCUSSION**

**A.   The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff asserts that the ALJ failed to meet the stringent clear and convincing standard for rejecting testimony regarding the severity of his limitations. See Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("'[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each...[t]he clear and convincing standard is the most demanding required in Social Security cases."). (Joint Stip. 5). Defendant asserts the ALJ properly assessed Plaintiff's credibility and offered specific reasons as to why he found Plaintiff's testimony not fully credible. (Joint Stip. 16-21).

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990). Although "the ALJ is not required to believe every allegation of disabling pain," he must engage in a two-step analysis to determine whether a claimant's testimony is credible. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); see also Garrison, 759 F.3d at 1014.

First, "[t]he claimant must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce

the pain or other symptoms alleged.'" Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A)(1988)). In producing evidence of the underlying impairment, "[t]he claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, once the claimant has produced the requisite objective medical evidence, the "ALJ may reject the claimant's testimony regarding the severity of her symptoms." Smolen, 80 F.3d at 1284. Absent affirmative evidence of malingering, however, the ALJ may only reject a plaintiff's testimony "by offering specific, clear and convincing reasons for doing so." Id. In assessing a claimant's alleged symptoms, an ALJ may consider: "(1) ordinary techniques of credibility evaluation, such as claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears to be less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." Id. An ALJ may also consider "the claimant's work record and observations of treating and examining physicians and other third parties." Id.

Here, the ALJ found that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms" but did not find Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" credible to the extent they are inconsistent with the ALJ's Residual Functional Capacity (RFC) determination that Plaintiff was capable of medium work. (AR 24). The ALJ discounted Plaintiff's credibility because: (1) Plaintiff's testimony revealed physical and

mental limitations that were greater than those allowed for a RFC of medium work; (2) Plaintiff found new full-time employment and has been employed since April 2011; (3) Plaintiff's treatment did not amount to a frequency or intensity that is consistent with his alleged impairments; (4) the third party function report provided by Plaintiff's mother did not provide a basis for altering the RFC; and (5) Plaintiff's daily activities are not consistent with the alleged degree of impairment.

The Court agrees with Plaintiff that some of the ALJ's reasons for discrediting Plaintiff's testimony were not clear and convincing, particularly where the ALJ relied on testimony and evidence that was not relevant to the dates for which Plaintiff was seeking benefits, i.e., the period between September 9, 2009 and April 15, 2011. For example, the ALJ asserted that Plaintiff was not credible because at the oral hearing on March 13, 2012, he testified to abilities that were consistent with or exceeded his RFC. (AR 24). However, the ALJ only asked Plaintiff about his *present* abilities, stating, "Are you able to walk *now*?" (AR 51 (emphasis added)). Therefore, Plaintiff's responses were not relevant to his functional limitations during the closed period.

The ALJ also failed to provide clear and convincing reasons for discounting Plaintiff's testimony by relying on the fact that Plaintiff had returned to work in April 2011 after his physician determined, in January 2011, that he could return to work.[1] (AR 48). While employment

---

[1] Defendant's reliance on Bray v. Astrue, 554 F.3d 1219, 1227 (9th Cir. 2009) to support the ALJ's decision is misplaced because the plaintiff in Bray sought ongoing benefits, id. at 1221, unlike the
(continued...)

during a period of claimed disability may be probative of a claimant's ability to work, re-entry into the work force *following* a period of alleged disability does not serve as evidence against claimant. See Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924-25 (9th Cir. 2002)(claimant's "ability to obtain and hold [a] job does not form an adequate reason for rejecting his testimony or that of his examining physicians that he was not able to work earlier"); see also Kreishner v. Colvin, No. 2:12-CV-0530 DAD, 2013 WL 4780548, at *1 (E.D. Cal. Sept. 5, 2013)("work after the period for which an applicant is seeking disability...is not a specific and legitimate reason for rejecting...the medically supported testimony of an applicant, unless the work in question is wholly inconsistent with the claimed disability.").

The ALJ's reliance on Plaintiff's failure to have surgery, injections, or physical therapy for his ailments or to continue mental health treatment into 2011 to discount Plaintiff's credibility was also not a clear and convincing reason. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) (conservative treatment can diminish a claimant's credibility regarding the severity of an impairment). Here, the record reveals that Plaintiff *was* willing to undergo surgery for his left knee pursuant to the recommendation of his chiropractor, Dr. Joel Gutierrez, and cortisone injections for his lumbar spine as recommended by his orthopedic surgeon, Dr. Khalid Ahmed, (AR 274), but was denied insurance authorization for these procedures. (AR 406). Because a claimant's inability to pay for treatment is a valid reason for failure to obtain treatment, the ALJ erred in considering this factor in

---

[1] (...continued)
instant case in which the Plaintiff is seeking benefits for a closed period of time. (AR 34).

assessing Plaintiff's credibility. See Gamble v. Chater, 68 F.3d 319, 320-22 (9th Cir. 1995) (failure to obtain treatment, even if the alleged condition is remediable, is not a sufficient reason to deny benefits where the claimant suffers from financial hardships) (quoting Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1985) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.")); see also 20 C.F.R. § 404.1530.

The ALJ mistakenly relied on Plaintiff's lack of mental health treatment in 2011 to discount his credibility. Plaintiff testified that he "got [mental evaluations] again, some time last year for another few sessions," meaning that in 2011, a year prior to the hearing, Plaintiff was undergoing biofeedback therapy sessions. (AR 46). Plaintiff's Medications Form listed a prescription for Xanax dated January 7, 2011 to be taken for anxiety. (AR 251). The ALJ erred in finding Plaintiff's treatment conservative because both biofeedback therapy and Xanax prescriptions are not considered conservative treatment. See Parra, 481 F.3d at 751 (defining conservative treatment as "treat[ment] with an over-the-counter pain medication."); cf. Leija v. Colvin, No. 1:13-CV-1575 GSA, 2015 WL 1439933, at *10 (E.D. Cal. Mar. 27, 2015) (plaintiff's credibility undermined by the fact that he had not received treatment commensurate with his complaints, such as, *inter alia*, biofeedback, acupuncture, and physical therapy).

Despite these errors, the Court finds that there is adequate support for the ALJ's adverse credibility finding. The harmless error rule applies because "remaining reasoning and ultimate credibility

assessing Plaintiff's credibility. See Gamble v. Chater, 68 F.3d 319, 320-22 (9th Cir. 1995) (failure to obtain treatment, even if the alleged condition is remediable, is not a sufficient reason to deny benefits where the claimant suffers from financial hardships) (quoting Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1985) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.")); see also 20 C.F.R. § 404.1530.

The ALJ mistakenly relied on Plaintiff's lack of mental health treatment in 2011 to discount his credibility. Plaintiff testified that he "got [mental evaluations] again, some time last year for another few sessions," meaning that in 2011, a year prior to the hearing, Plaintiff was undergoing biofeedback therapy sessions. (AR 46). Plaintiff's Medications Form listed a prescription for Xanax dated January 7, 2011 to be taken for anxiety. (AR 251). The ALJ erred in finding Plaintiff's treatment conservative because both biofeedback therapy and Xanax prescriptions are not considered conservative treatment. See Parra, 481 F.3d at 751 (defining conservative treatment as "treat[ment] with an over-the-counter pain medication."); cf. Leija v. Colvin, No. 1:13-CV-1575 GSA, 2015 WL 1439933, at *10 (E.D. Cal. Mar. 27, 2015) (plaintiff's credibility undermined by the fact that he had not received treatment commensurate with his complaints, such as, *inter alia*, biofeedback, acupuncture, and physical therapy).

Despite these errors, the Court finds that there is adequate support for the ALJ's adverse credibility finding. The harmless error rule applies because "remaining reasoning and ultimate credibility

determination[s] were adequately supported by substantial evidence in the record." See Carmickle v. Comm'r, 533 F.3d 1155, 1162-63 (9th Cir. 2008); see also Robbins, 466 F.3d at 885 (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)) (the Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'").

The ALJ properly determined Plaintiff's RFC based on the objective medical evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding RFC determination proper where "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints" lacking credibility). Plaintiff's medical records for the closed period for which Plaintiff is seeking benefits indicate that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, stand and walk for six hours in an eight hour day and sit for six hours in an eight hour day. (AR 298). These limitations fit within the RFC of medium work which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567.

The ALJ's finding that Plaintiff's activities of daily living were not consistent with the alleged degree of impairment was an acceptable reason for discrediting Plaintiff's testimony and is fully supported by the record. (AR 24). Daily activities that are inconsistent with alleged symptoms are a relevant credibility determination. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff completed a Function Report on April 6, 2010 in which he stated that his daily

routine consisted of watching television, reading a book, going for walks, light housework such as dusting and washing dishes, occasionally preparing meals, shopping, and personal care. (AR 218-25). Thus, the ALJ properly found that Plaintiff's credibility was undermined because these "activities suggest that the [plaintiff] has a better physical and mental capacity than he alleged." (AR 24). See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)("If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.").

The ALJ also discounted Plaintiff's testimony based upon the third party report completed by Plaintiff's mother, in which she stated that Plaintiff assisted with household chores, went for walks, and did some grocery shopping. (AR 210-17). The ALJ properly found this information to be consistent with the RFC finding of medium work and inconsistent with Plaintiff's allegations of disability. See Geris v. Astrue, No. CV 11-09143 OP, 2012 WL 2395652, at *7 (C.D. Cal. June 22, 2012) (providing reasons that are germane to the third party's evidence is sufficient to support an ALJ's credibility finding).

Finally, the ALJ also found that Plaintiff's ability to engage in substantial gainful activity during the closed period of alleged disability was supported by the record. Dr. Gessesse found that Plaintiff could do detailed, complex tasks, interact adequately with co-workers, and handle the daily stressors of employment. (AR 306). Dr. Sedgh found that Plaintiff could stand and walk for six hours out of an

eight hour day, sit for six hours out of an eight hour day, lift and carry 50 pounds occasionally and 25 pounds frequently. (AR 298). Although an ALJ may not rely solely on objective findings to discount a Plaintiff's credibility, the ALJ may consider inconsistencies between the objective medical evidence and a plaintiff's subjective complaints as a reason for discounting Plaintiff's credibility. See Morgan v. Commissioner, 169 F.3d 595, 599-60 (9th Cir. 1999).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 20, 2015

```
                              /s/
                        ALKA SAGAR
                UNITED STATES MAGISTRATE JUDGE
```